UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
THOMAS GIORDANO,                         :
         Plaintiff,                      :
         vs.                             :   No. 3:11cv01505(WIG)
MICHAEL J. ASTRUE,                       :
Commissioner of Social Security,
                                         :
         Defendant.
-------------------------------------------X
```

ORDER GRANTING DEFENDANT'S MOTION FOR ENTRY OF JUDGMENT
WITH REVERSAL AND REMAND [DOC. # 10]

Defendant, Michael J. Astrue, Commissioner of the Social Security Administration, has moved this Court to enter judgment with a reversal and remand of this cause to the Commissioner. Counsel for Defendant represents that she has contacted Plaintiff's counsel, Ivan M. Katz, who consents to the relief sought in this motion.

Under sentence four of 42 U.S.C. § 405(g), the Court has the power to enter a judgment with a reversal and remand of the cause to the Commissioner for further proceedings. *See Shalala v. Schaefer*, 509 U.S. 292, 297 (1993); *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). Remand for further development of the record is appropriate when gaps exist in the administrative record or when the administrative law judge ("ALJ") committed legal error. *See Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980).

Here, the Commissioner has determined, and Plaintiff's counsel concurs, that remand of this case is necessary for additional administrative action. Upon remand, the Appeals Council will remand this case to an ALJ for a new hearing and to issue a new decision based upon the entire record. The ALJ will further evaluate Plaintiff's mental impairments in accordance with

the special technique prescribed by the Social Security Administration.  The ALJ will give further consideration to all of the treating and examining source opinions and explain the weight given to such opinion evidence.  The ALJ will give further consideration to the Plaintiff's maximum residual function capacity, based upon the entire record, and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations.  The ALJ will obtain testimony from a vocational expert to clarify the effect of the assessed limitations on the Plaintiff's occupational base.  The hypothetical questions posed to the vocational expert should reflect the specific capacity/limitations established by the record as a whole.  The ALJ should ask the vocational expert to identify examples of appropriate jobs and to state the incidence of such jobs in the national economy.

Accordingly, the Court hereby GRANTS the Defendant's Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand of the Cause to the Defendant [Doc. # 10].

This is not a Recommended Ruling.  The parties have consented to the Magistrate Judge's entering a final order in this case without the need for entry of a recommended ruling and review by a District Judge.  See Fed. R. Civ. P. 73(b).

The Clerk is directed to enter a separate judgment in favor of Plaintiff in this matter under Rule 58(a), Fed. R. Civ. P., to remand this cause to the Commissioner for further administrative proceedings in accordance with this Order, and to close this case.

It is SO ORDERED, this __23rd__ day of January, 2012, at Bridgeport, Connecticut.

/s/ *William I. Garfinkel*
WILLIAM I. GARFINKEL
United States Magistrate Judge
